IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

PATRICIA ANN COVINGTON,           )
                                  )
            Plaintiff,            )
                                  )
v.                                )   Case No. CIV-15-275-JHP-KEW
                                  )
NANCY A. BERRYHILL, Acting        )
Commissioner of Social            )
Security Administration,          )
                                  )
            Defendant.            )

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's Application for Attorney Fees and Expenses (Docket Entry #18). By Order entered August 3, 2017, United States District Judge James Payne who presides over this case referred the subject Motion to the undersigned for the entry of Findings and a Recommendation. By Order and Judgment entered March 30, 2017, Judge Payne reversed the decision of the Commissioner to deny Claimant's applications for disability insurance benefits under Title II and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 28.05 hours of time expended by her attorney at the stipulated fee rate for a request of $5,388.60. Claimant's counsel also includes without explanation of their origin "Total Costs" of $366.77 and "out of pocket expenses" of $528.29 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending her position in the underlying case was

substantially justified. She also asserts that Claimant cannot recover the expenses requested because she has not justified their incurrence. The Commissioner affirmatively states that she does not object to the reimbursement of expenses for the filing fee of $400.00.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner attempts to provide an explanation for the consideration of the opinions of

treating physicians Dr. Robbins, Dr. Jabbour, and Dr. Wilson. The fact remains that the ALJ failed to apply the appropriate standard for evaluating the weight to be provided to these opinions in contravention to the prevailing case authority. *See* Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). Some of the references in the decision relating to the level of weight provided the opinion were insufficiently vague such that this Court could not perform a proper evaluation of the ALJ's analysis. This required evaluation was clear in the case authority and cannot provide the basis for substantial justification.

This Court does agree with Defendant that Claimant's assertion of a reimbursement for expenses lacks specificity and is, in fact, internally inconsistent in the amount requested. As a result, the reimbursement will be reduced to the amount of the filing fee of $400.00, the incurrence of which is readily apparent from the record.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Plaintiff's Application for Attorney Fees and Expenses (Docket Entry #18) be **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $5,388.60. The request for reimbursement for expenses is reduced to a total amount of $400.00.

IT IS FURTHER RECOMMENDED that, in accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Claimant as the prevailing party and not directly to Claimant's

counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on the findings made herein.

IT IS SO ORDERED this 2nd day of January, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE